UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| HENRY L. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14CV00066 ERW |
| | ) | |
| JAMES HURLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Henry Martin (registration no. 121289), an inmate at Northeast Correctional Center ("NECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.42. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $7.08, and an average monthly balance of $0.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.42, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are James Hurley (Warden, NECC); Marta Nolin (Assistant Director of Substance Abuse Services); Kathy Merz (Functional Unit Manager, NECC); Wendy Bryant (Counselor, NECC); Michelle Raine (Counselor, Gateway); Carrie Wells (Counselor, Gateway); and Whitney Long (Counselor,

Gateway). Plaintiff alleges that defendants have violated his constitutional rights by removing him from a substance abuse treatment program. Plaintiff seeks declaratory and injunctive relief placing him in a substance abuse program in another prison, as well as damages.

**Discussion**

Plaintiff's § 1983 claims against the NECC defendants in their official capacities do not state claims for relief for monetary damages. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991) (noting that an agency exercising power is not a "person" subject to a § 1983 suit). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Will, 491 U.S. at 71. As a result, the complaint fails to state claims upon which relief for monetary damages can be granted against the NECC defendants in their official capacities.

Further, to state a claim against a Gateway employee in his or her official capacity, a plaintiff must allege that a policy or custom of the employer is responsible for the alleged constitutional violation. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975–76 (8th Cir. 1993) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). The amended complaint does not contain any allegations that a policy or custom of Gateway was responsible for the alleged violation of plaintiff's constitutional rights. As a result, the complaint fails to state claims upon which relief for monetary damages against the Gateway defendants in their official capacities.

Plaintiff claims that his due process rights were violated by his exclusion from the substance abuse program. Inmates do not have a protected liberty interest in discretionary

treatment programs, such as a drug abuse treatment program. Persechini v. Callaway, 651 F.3d 802, 807 (8th Cir. 2011). Accordingly, plaintiff fails to state a claim for a due process violation.

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Plaintiff's claim that his removal from the substance abuse treatment program constituted deliberate indifference to a serious medical condition falls well short of the legal standard and is frivolous.

Plaintiff's retaliation claim against defendant Wells is frivolous. "A prima facie case of retaliatory discipline requires a showing that: (1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir.2007). To succeed on his § 1983 retaliation claim, plaintiff must prove that he engaged in protected activity and that defendant Wells, to retaliate for the protected activity, took adverse action against plaintiff that would chill a person of ordinary firmness from engaging in that activity. See Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir. 2004), cert. denied, 546 U.S. 860 (2005). Here, plaintiff alleges that, in an effort to exhaust his administrative remedies, he confronted defendant Wells as he was coming back from breakfast to try and resolve their problem before he went to court. He claims that, in retaliation, defendant Wells wrote him up for creating a disturbance and disobeying an order. Prisoners have no constitutionally protected

right to confront staff and discuss issues with them, particularly when ordered no to do so. Accordingly, plaintiff's retaliation claim is frivolous.

With regard to defendants Hurley and Nolin, in their individual capacities, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983). Further, "the denial of grievances, in and of itself, cannot support a substantive constitutional claim." Walls v. Highsmith, 2007 WL 4468694, at *2 (E.D. Mo. Dec.17, 2007) (citing Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002)). In the instant action, plaintiff has not set forth any facts indicating that defendants Hurley and Nolin were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state claims upon which relief can be granted against defendants Hurley and Nolin, in their individual capacities.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.42 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) because the complaint is legally frivolous, or fails to state claims against defendants, or both.

An Order of Dismissal will accompany this Memorandum and Order.

So Ordered this 15th day of <u>December</u>, 2014.

*E. Richard Webber*

———————————————————
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE